ART HARSHMAN, Respondent, v. THOMAS SMITH, Appellant.

(176 N. W. 3.)

**Sales — passing of title — notifying garage that plaintiff was owner of automobile and removal of tools from automobile completed sale.**

In this case defendant appeals from a judgment for $700 and interest. For a Cadillac car he paid, in cash, $1,600, and turned over to plaintiff a Hudson auto valued at $700. The Hudson car was in possession of the Minot Auto Company for repairs. Both parties went together and notified the company of the trade, and plaintiff took and carried away the tools of the Hudson car. *Held,* that the plaintiff at once became the owner of the Hudson car, and the Auto Company became his bailee, regardless of the fact that defendant had agreed to pay for the repairs.

Opinion filed December 31, 1919.

Appeal from the District Court of Ward County, Honorable *K. E. Leighton,* Judge.

Reversed and dismissed.

*B. A. Dickenson* and *Greenleaf & Wooledge,* for appellant.

A bailor may sell the subject-matter of the bailment and thereby confer on the purchaser an immediate and valid title thereof. Hodges v. Hurd, 47 Ill 363; Chamversburg Nat. Bank v. Buckeye Iron &

Brass Works, 46 Ill. App. 526; State v. Fitzpatrick, 64 N. W. 185; Erwin v. Arthur, 61 N. W. 386; Heine v. Anderson, 2 Duer, 318; Smith v. Ball, 9 Mo. 873; Hall v. Griffin, 10 Bing. 246; Riddle v. Blair, 148 Ala. 461, 42 So. 560.

The bailee's interest after such sale remains as theretofore, with the substitution of a new bailor. Hardy v. Lemons, 36 La. Ann. 146.

One who is injured in his person or property by the wrongful or negligent acts of another is bound to exercise reasonable care and diligence to avoid loss or to minimize the resulting damage. 8 R. C. L. p. 442; 24 R. C. L. p. 85.

*John C. Lowe,* for respondent.

"It is the duty of the seller to deliver the goods, and of the buyer to accept and pay for them." Laws 1917, §§ 41, chap. 202, 43 (3).

The tender must be equally unconditional as if of money. Parsons, Contr. 764; Schneider v. C. H. Little Co. 151 N. W. 587; Laws 1917, § 43 (3) chap. 202.

Robinson, J. This suit is the result of an automobile trade. The complaint avers that on October 6, 1917, at Minot, North Dakota, plaintiff sold to the defendant a Cadillac car for $1,600 in cash and a Hudson car valued at $700. For an alleged failure to deliver the Hudson car the plaintiff recovered a judgment for $700 and interest.

On October 6, 1917, at Minot, North Dakota, the plaintiff, a shrewd dealer in automobiles, sold defendant a Cadillac for $1,600 in cash and a Hudson car valued at $700. The Hudson car was for repairs at the garage of Minot Auto Company. The parties went to the garage, looked at the car, made the trade, and then went to the manager of the Auto Company and told him of the trade, and told him to make the repairs at the expense of defendant and to deliver the car over to plaintiff. Then, as the owner of the Hudson car, the plaintiff took from its tool box and carried away all the tools, being such as commonly go with a car. He kept the tools and never offered to return them or to rescind the trade. In due time the repairs were made and defendant paid for the same $110, by check of November 29, 1917. Then there was made a storage charge of $4.33, which defendant paid December 18, 1917. He was not looking for trouble The plaintiff did not care for the old Hudson, which was probably not worth over $400;

he wanted an excuse for delivering it back to defendant at $700. The storage charge gave him the excuse; he and the Auto Company were playing the game together, and doubtless they played into each other's hands. When the trader sold the car and received $1,600 in cash, he made a good profit; the old Hudson was merely an extra profit. The list price of the Cadillac was $2,080, and of course that included a good profit to the dealer. The plaintiff claims that were it not for the storage charge he could have sold the Hudson for $700, yet he was willing to incur the hazard and expense of a lawsuit to sell it back to the defendant at $700.

Of course the testimony of traders must be weighed in the scale of probabilities, and taken with some allowance. The judges must use their own knowledge concerning the ways of trading, the price of cars, the profits which dealers make. Then we know this is a time when traders are not much disposed to allow scruples of conscience to stand between them and their big profits But the value of the Hudson car is of no consequence. When the trade was made it was complete; when the title to the Cadillac passed to defendant, the title to the $1,600 and the old Hudson passed to the plaintiff. When both parties met the manager of the Auto Company and notified him of the sale or trade, the title passed to plaintiff regardless of the fact that defendant had agreed to pay for the repairs. Then he became the owner of the Hudson and the tools that he took and carried away. He had a perfect right to take the car as he took the tools Defendant retained no possession or control over the car, and there is no claim that he interfered with the car or made any claim to it. Had the defendant gone into bankruptcy, or had the car been attached as the property of the defendant, the plaintiff would have been quick to assert his title against any claims of creditors. The old car was identified; it was there in the presence of both parties and the manager of the Auto Company, the bailee. The company, when it was notified of the trade and when plaintiff took and carried away the tools, became the bailee of the plaintiff. There was a complete transfer of title, regardless of any lien for repairs or expense. In case the defendant had failed to pay for the repairs, the remedy of the plaintiff was to rescind the entire trade or to pay for the repairs and recover the money in an action against the defendant; and if defendant is good for a judgment of $700, it must

be that he was good for $4.33,—a very small item on a big deal. Big dealers should learn to treat their innocent customers in a spirit of manhood and fairness. There is no honesty in killing the goose that lays the golden egg.

Judgment reversed and action dismissed.

BIRDZELL, J., concurs.

GRACE and BRONSON, JJ., concur in the result.

CHRISTIANSON, Ch. J. (concurring). In this case both parties moved for directed verdicts, and the case was decided by the trial judge. There is no material conflict in the evidence. Substantially it is as stated by Mr. Justice Robinson, and, in my opinion, it justifies only one conclusion; namely, that reached in the opinion prepared by Mr. Justice Robinson. I do not believe, however, that there is anything in the evidence to justify the statement that "he (Harshman) and the Auto Company were playing the game together, and doubtless they played into each other's hands."